GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
TALITHA B. GRAY, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Lisa Poulin, Trustee for
USA Investment Partners, LLC

E-Filed On ___05/09/09___

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA INVESTMENT PARTNERS, LLC<br><br>Debtor. | Case No.: 07-11821-LBR<br>Chapter 11 |
| LISA M. POULIN, the Chapter 11 trustee of USA Investment Partners, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD K. ASHBY, an individual, DEANNA G. ASHBY, an individual; FIESTA DEVELOPMENT COMPANY, INC., a California corporation; ASHBY FINANCIAL COMPANY, INC., a California corporation;<br><br>Defendants. | **COMPLAINT**<br><br>Scheduling Conference:<br><br>Date: November 13, 2009<br>Time: 9:30 a.m. |

Lisa M. Poulin ("Plaintiff"), in her capacity as the duly-appointed Chapter[1] 11 trustee for USA Investment Partners, LLC ("Debtor"), by and through her undersigned counsel, the law firm of Gordon Silver, hereby files her <u>Complaint</u> against the Defendants, Richard K. Ashby, LLC, Deanna G. Ashby, Fiesta Development, Inc., and Ashby Financial Company, Inc.

---

[1] Unless otherwise expressly stated herein, all references to Chapters or Sections shall refer to 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and all references shall refer to the Federal Rules of Bankruptcy Procedure, 1001-9037 (the "Bankruptcy Rules").

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

(collectively, the "Defendants") and alleges as follows:

# I.
# PARTIES, JURISDICTION, AND VENUE

## A. Plaintiff.

1. Debtor is a Nevada limited liability company organized on or about October 20, 1999 that serves primarily as a holding company for a number of entities, the majority of which are engaged in land acquisition and real estate development.

2. Pursuant to its operating agreement, Debtor's initial members were Thomas Hantges ("Hantges"), who held fifty-eight percent (58%) of Debtor's membership interest, Joseph Milanowski ("Milanowski"), who held thirty-seven percent (37%) of Debtor's membership interest, and Paul Hamilton ("Hamilton"), who held the remaining five percent (5%). On or about August 22, 2005, Hantges assigned his interest in Debtor to Thomas A. Hantges, Trustee of the Thomas A. Hantges 1997 Trust (the "Hantges 1997 Trust") and Milanowski transferred his interest to Joseph D. Milanowski, Trustee of the Joseph D. Milanowski 1998 Trust (the "Milanowski 1998 Trust"). Thereafter, in May of 2006, Hamilton transferred his interest in Debtor to JaDeM Investments, LLC, an entity owed by the Milanowski 1998 Trust.

3. On April 4, 2007 (the "Petition Date"), USA Capital Diversified Trust Deed Fund, LLC, the USACM Liquidating Trust, and Alabruj Investments, LLC filed an involuntary Chapter 11 petition for relief against Debtor, thereby commencing bankruptcy case number 07-11821-LBR (the "Bankruptcy Case"), which case is pending before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

4. On April 6, 2007, the Bankruptcy Court appointed Plaintiff as the interim trustee in the Bankruptcy Case and on May 9, 2007, an order for relief was entered in the Bankruptcy Case, with Plaintiff remaining as the Chapter 11 trustee in the Bankruptcy Case.

## B. Defendants.

5. Defendant Richard K. Ashby ("Richard Ashby") is an individual residing in Huntington Beach, California who may be served with process at 3751 Nimble Circle, Huntington Beach, California 92649.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

6. Defendant Deanna G. Ashby ("Deanna Ashby") is an individual residing in Huntington Beach, California who may also be served with process at 3751 Nimble Circle, Huntington Beach, California 92649.

7. Defendant Ashby Financial Company, Inc. ("Ashby Financial") is a California corporation with the principal place of business in California that can be served with process through its registered agent, Mike Amerio, at 100 E. Corson Street, Ste. 200, Pasadena, California 91103-3841.

8. Defendant Fiesta Development, Inc. ("Fiesta Development") is a California corporation with the principal place of business in California that can be served with process through its registered agent, Mike Amerio, at 100 E. Corson Street, Ste. 200, Pasadena, California 91103-3841.

C. **Jurisdiction And Venue.**

9. This Court has jurisdiction over the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1334, as well as Local Rule 1001 and Bankruptcy Rule 7001(1).

10. This Adversary Proceeding is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), and (O) and arises in and is related to the Bankruptcy Case currently pending in this District.

11. Venue for this Adversary Proceeding is proper in this District pursuant to 28 U.S.C. 1409(a) because Debtor is subject to a petition for Chapter 11 relief in the Bankruptcy Court.

## II.
## GENERAL ALLEGATIONS

A. **The Transfers To Richard Ashby And Deanna Ashby.**

12. On or about November 8, 2004, Debtor transferred the sum of $500,000.00 from its account held at Bank of Commerce (the "Debtor's Commerce Account") to Richard Ashby (the "2004 Ashby Transfer").

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

3

13. Further, on the eve of the USAIP Petition Date, Debtor made the following wire transfers from its account held at Valley Independent Bank (the "Debtor's Valley Account") to Richard Ashby and/or Deanna Ashby as follows (the "2007 Ashby Transfers"):

| Transferee | Approximate Date of Transfer | Sum Transferred |
|---|---|---|
| Richard Ashby | 02/08/07 | $27,000.00 |
| Richard Ashby and Deanna Ashby | 02/20/07 | $54,000.00 |
| Richard Ashby | 03/22/07 | $15,000.00 |
| Richard Ashby | 03/28/07 | $25,000.00 |
| **Total** | | **$121,000.00** |

**B.    The Fiesta Development Transfers.**

14. On or about April 4, 2005, Debtor made a wire transfer in the amount of $483,359.00 from Debtor's Commerce Account to Fiesta Development (the "April 4, 2005 Transfer").

15. Between July 2003 and January 2005, Debtor made the following wire transfers from Debtor's Commerce Account to Fiesta Development (the "Fiesta Transfers"):

| Approximate Date of Transfer | Sum Transferred |
|---|---|
| 07/07/03 | $1,000,000.00 |
| 06/28/04 | $49,137.00 |
| 10/26/04 | $80,446.00 |
| 01/27/05 | $125,000.00 |
| **Total** | **$1,254,583.00** |

**C.    The Ashby Financial Transfer.**

16. In June of 2004, Debtor issued a check, in the sum of $16,666.67 bearing check number 2534 to Ashby Financial, which payment was drawn on Debtor's Commerce Account on or about June 22, 2004 (the "Ashby Financial Transfer").

…

…

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

4

## FIRST CLAIM FOR RELIEF

**(Avoidance Of The 2007 Ashby Transfers Pursuant To Section 548(a)(1)(A) and (B))**

17. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

18. Upon information and belief, Debtor had no obligation to make the 2007 Ashby Transfers to Richard Ashby and/or Deanna Ashby and Debtor received no benefit in exchange for making the 2007 Ashby Transfers.

19. As each of the 2007 Ashby Transfers was tendered from Debtor's Valley Account, each of the 2007 Ashby Transfers constitutes a transfer of an interest of Debtor in property.

20. Each of the 2007 Ashby Transfers was made within two (2) years of the USAIP Petition Date.

21. Debtor made each of the 2007 Ashby Transfers with actual intent to hinder, delay, or defraud an entity to which Debtor was or became, on or after the date that each of the 2007 Ashby Transfers was made, indebted.

22. Additionally and in the alternative, Debtor received less than reasonably equivalent value in exchange for the 2007 Ashby Transfers and was insolvent when each of the 2007 Ashby Transfers was made or became insolvent as a result of the 2007 Ashby Transfers.

23. Additionally and in the alternative, Debtor received less than reasonably equivalent value in exchange for the 2007 Ashby Transfers and at the time of the 2007 Ashby Transfers, Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital.

24. Additionally and in the alternative, Debtor received less than reasonably equivalent value in exchange for the 2007 Ashby Transfers and at the time of the 2007 Ashby Transfers, Debtor intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

25. The 2007 Ashby Transfers are thus avoidable pursuant to Section 548(a)(1).

…

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

5

## SECOND CLAIM FOR RELIEF

**(Avoidance Of The April 4, 2005 Transfer Pursuant To Section 548(a)(1)(A) and (B))**

26. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

27. Upon information and belief, Debtor had no obligation to make the April 4, 2005 Transfer to Fiesta Development and Debtor received no benefit in exchange for making the April 4, 2005 Transfer.

28. The April 4, 2005 Transfer was a transfer of an interest of Debtor in property.

29. The April 4, 2005 Transfer was made within two (2) years of the USAIP Petition Date.

30. Debtor made the April 4, 2005 Transfer with actual intent to hinder, delay, or defraud an entity to which Debtor was or became, on or after the date that such transfer was made, indebted.

31. Additionally and in the alternative, Debtor received less than reasonably equivalent value in exchange for the April 4, 2005 Transfer and was insolvent when such transfer was made or became insolvent as a result of such transfer.

32. Additionally and in the alternative, Debtor received less than reasonably equivalent value in exchange for the April 4, 2005 Transfer and at the time of such transfer, Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital.

33. Additionally and in the alternative, Debtor received less than reasonably equivalent value in exchange for the April 4, 2005 Transfer and at the time of such transfer, Debtor intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

34. The April 4, 2005 Transfer is thus avoidable pursuant to Section 548(a)(1).

## THIRD CLAIM FOR RELIEF

**(Avoidance Of The Transfers Pursuant To NRS 112.180(1)(a) And (b) And Section 544)**

35. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

6

36. Each of the 2004 Ashby Transfer, the 2007 Ashby Transfers, the April 4, 2005 Transfer, the Fiesta Transfers, and the Ashby Financial Transfer (collectively, the "Transfers") constitutes a transfer of an interest of Debtor in property.

37. Having occurred after April 4, 2003, each of the Transfers was a transfer made within four (4) years of the USAIP Petition Date.

38. With respect to each of the Transfers, Debtor made such transfer with actual intent to hinder, delay, or defraud an entity to which Debtor was or became, on or after the date that such transfer was made, indebted.

39. Additionally and in the alternative, Debtor did not receive a reasonably equivalent value in exchange for each of the Transfers and at the time of each of the Transfers, Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to such business or transaction.

40. Additionally and in the alternative, Debtor did not receive a reasonably equivalent value in exchange for each of the Transfers and at the time of each of the Transfers, Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

41. Additionally, at the time of each of the Transfers, Debtor was not paying or was unable to pay its debts as they became due.

42. The Transfers are thus avoidable pursuant to NRS § 112.180(1) made applicable by Section 544(b)(1).

### FOURTH CLAIM FOR RELIEF

**(Avoidance Of Preferential Transfers Pursuant To Section 547(b))**

43. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

44. The 2007 Ashby Transfers were made with the 90-day period preceding the USAIP Petition Date.

45. Each of the 2007 Ashby Transfers was a transfer of an interest of Debtor in property.

…

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

46. To the extent that Richard Ashby and/or Deanna Ashby provided goods or services to Debtor, each of the 2007 Ashby Transfers was to or for the benefit of Richard Ashby and/or Deanna Ashby as a creditor.

47. To the extent that Ashby and/or Deanna Ashby provided services to Debtor, each of the 2007 Ashby Transfers was made on account of an antecedent debt owed by Debtor before such transfer was made.

48. Plaintiff is entitled to a presumption that Debtor was insolvent on or during the 90-days immediately preceding the USAIP Petition Date.

49. Each of the 2007 Ashby Transfers was made while Debtor was insolvent.

50. Each of the 2007 Ashby Transfers enabled Richard Ashby and/or Deanna Ashby to receive more than they would have received if the bankruptcy case were a case under Chapter 7, the transfer had not been made, and Richard Ashby and/or Deanna Ashby received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

## FIFTH CLAIM FOR RELIEF

### (Recovery Of The Transfers Pursuant To Section 550)

51. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

A. **The 2004 Ashby Transfer.**

52. Richard Ashby was the initial transferee of the 2004 Ashby Transfer.

53. Because the 2004 Ashby Transfer is avoidable pursuant to NRS 112.180(1) through Section 544, the 2004 Ashby Transfer or the value of such transfer is recoverable from Richard Ashby pursuant to Section 550(a).

B. **The 2007 Ashby Transfers.**

54. Richard Ashby and/or Deanna Ashby were the initial transferees of each of the 2007 Ashby Transfers.

55. Because each of the 2007 Ashby Transfers is avoidable pursuant to Section 548 and/or NRS 112.180(1) through Section 544, the 2007 Ashby Transfers are recoverable from Richard Ashby and/or Deanna Ashby pursuant to Section 550(a).

...

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

8

56. Alternatively, to the extent that any of the 2007 Ashby Transfers are avoidable pursuant to Section 547(b), then the avoided transfers are recoverable from Richard Ashby and/or Deanna Ashby pursuant to Section 550(a).

## C. The Fiesta Transfers.

57. Fiesta Development was the initial transferee of each of the Fiesta Transfers and the April 4, 2005 Transfer.

58. Because each of the Fiesta Transfers and the April 4, 2005 Transfer is avoidable pursuant to Section 548 and/or NRS 112.180(1) through Section 544, each of the Fiesta Transfers and the April 4, 2005 Transfer or the value of such transfers is recoverable from Fiesta Development pursuant to Section 550(a).

## D. The Ashby Financial Transfer.

59. Ashby Financial was the initial transferee of the Ashby Financial Transfer.

60. Because the Ashby Financial Transfer is avoidable pursuant to NRS 112.180(1) through Section 544, the Ashby Financial Transfer or the value of such transfer is recoverable from Ashby Financial pursuant to Section 550(a).

## SIXTH CLAIM FOR RELIEF

### (Turnover Of Property Of The Estate And Attorney's Fees)

61. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

62. In the alternative, the 2007 Ashby Transfers constitute an account or note receivable.

63. The 2007 Ashby Transfers constitute a receivable owed by Richard Ashby and/or Deanna Ashby to Debtor, which receivable is property of Debtor's estate pursuant to Section 541(a) and must be turned over to Plaintiff pursuant to Section 542(a) as the estate may use the funds and the funds are not of inconsequential value.

64. Alternatively, such debt is matured, payable on demand, or payable on order, and is thus recoverable pursuant to Section 542(b).

65. Plaintiff hereby sues Richard Ashby and Deanna Ashby for turnover of such receivable, all interest accrued on such receivable, and for all other amounts owed by Richard

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

9

Ashby and/or Deanna Ashby pursuant to Section 542(a) or (b).

## SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

66. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

**A.     The 2004 Ashby Transfer.**

67. Upon information and belief, without receiving any consideration, Debtor provided a benefit to Richard Ashby by tendering the 2004 Ashby Transfer in the aggregate sum of $500,000.00.

68. At the time the 2004 Ashby Transfer was made, upon information and belief, Richard Ashby knew or reasonably should have known that Debtor had no obligation to tender the 2004 Ashby Transfer and yet, Richard Ashby accepted such transfer and retained the benefit of the 2004 Ashby Transfer.

69. It would thus be inequitable to permit Richard Ashby to retain the 2004 Ashby Transfer.

**B.     The 2007 Ashby Transfers.**

70. Upon information and belief, without receiving any consideration, Debtor provided a benefit to the Richard Ashby and/or Deanna Ashby by tendering the 2007 Ashby Transfers in the aggregate sum of $121,000.00.

71. At the time each of the 2007 Ashby Transfers was made, upon information and belief, Richard Ashby and/or Deanna Ashby knew or reasonably should have known that Debtor had no obligation to tender the 2007 Ashby Transfers and yet, Richard Ashby and/or Deanna Ashby accepted such transfers and retained the benefit of the 2007 Ashby Transfers.

72. It would thus be inequitable to permit Richard Ashby and/or Deanna Ashby to retain the 2007 Ashby Transfers.

**C.     The Fiesta Development Transfers.**

73. Upon information and belief, without receiving any consideration, Debtor provided a benefit to Fiesta Development by tendering the Fiesta Transfers in the aggregate sum of $1,254,583.00 and the April 4, 2005 Transfer in the sum of $483,359.00.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

74. At the time each of the Fiesta Transfers and the April 4, 2005 Transfer was made, upon information and belief, Fiesta Development knew or reasonably should have known that Debtor had no obligation to tender such transfers and yet, Fiesta Development accepted such transfers and retained the benefit thereof.

75. It would thus be inequitable to permit Fiesta Development to retain the Fiesta Transfers and the April 4, 2005 Transfer.

### D. The Ashby Financial Transfer.

76. Upon information and belief, without receiving any consideration, Debtor provided a benefit to Ashby Financial by tendering the Ashby Financial Transfer in the aggregate sum of $16,667.67.

77. At the time the Ashby Financial Transfer was made, upon information and belief, Ashby Financial knew or reasonably should have known that Debtor had no obligation to tender the Ashby Financial Transfer and yet, Ashby Financial accepted such transfer and retained the benefit of the Ashby Financial Transfer.

78. It would thus be inequitable to permit Ashby Financial to retain the Ashby Financial Transfer.

## EIGHTH CLAIM FOR RELIEF

### (Money Had And Received)

79. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

### A. The 2004 Ashby Transfer.

80. Richard Ashby received money in the aggregate sum of $500,000.00 from Debtor through the 2004 Ashby Transfer.

81. Debtor is rightfully entitled to the money as, upon information and belief, it did not receive any consideration in exchange for the 2004 Ashby Transfer.

82. In good conscience and equity, Richard Ashby has no right to retain any money that he received from the 2004 Ashby Transfer.

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

11

**B.      The 2007 Ashby Transfers.**

83.   Richard Ashby and/or Deanna Ashby received money in the aggregate sum of $121,000.00 from Debtor through the 2007 Ashby Transfers.

84.   Debtor is rightfully entitled to the money as, upon information and belief, it did not receive any consideration in exchange for the 2007 Ashby Transfers.

85.   In good conscience and equity, Richard Ashby and Deanna Ashby have no right to retain any money that they received from the 2007 Ashby Transfers.

**C.      The Fiesta Development Transfers.**

86.   Fiesta Development received money in the aggregate sum of $1,737,942.00 from Debtor through the Fiesta Transfers and the April 4, 2005 Transfer.

87.   Debtor is rightfully entitled to the money as, upon information and belief, it did not receive any consideration in exchange for the Fiesta Transfers or April 4, 2005 Transfer.

88.   In good conscience and equity, Fiesta Development has no right to retain any money that it received from the Fiesta Transfers or the April 4, 2005 Transfer.

**D.      The Ashby Financial Transfer.**

89.   Ashby Financial received money in the aggregate sum of $16,667.67 from Debtor through the Ashby Financial Transfer.

90.   Debtor is rightfully entitled to the money as, upon information and belief it did not receive any consideration in exchange for the Ashby Financial Transfer.

91.   In good conscience and equity, Ashby Financial has no right to retain any money that it received from the Ashby Financial Transfer.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

92.   Judgment against Richard Ashby in an amount not less than $621,000.00;

93.   Judgment against Deanna Ashby in an amount not less than $121,000.00;

94.   Judgment against Fiesta Development in an amount not less than $1,737,942.00;

95.   Judgment against Ashby Financial in an amount not less than $16,666.67;

96.   Avoidance of the 2007 Ashby Transfers pursuant to Section 548(a)(1) or Section 547(b);

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

12

97. Avoidance of the April 4, 2005 Transfer pursuant to Section 548(a)(1);

98. Avoidance of the Transfers pursuant to NRS § 112.180(1)(a) and/or (b), made applicable by Section 544;

99. Recovery of the Transfers or the value of the Transfers;

100. In the alternative, directing Richard Ashby and Deanna Ashby to turnover the 2007 Ashby Transfers or the value thereof pursuant to Section 542;

101. Directing each of the Defendants to pay all pre-and post-judgment interest on the Transfers at the maximum rate allowable by law and/or equity;

102. Directing Defendants to pay Plaintiff's reasonable attorney's fees and costs to the extent permitted by law; and

103. All such further relief to which Plaintiff is entitled at law or in equity.

DATED this 9th day of May, 2009.

GORDON SILVER

By: _____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
TALITHA B. GRAY, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Lisa Poulin, Trustee
for USA Investment Partners, LLC

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101202-001/699795_3.doc

13